## In the Matter of Richard A. WETHERILL.

### Cause No. 483 S 137.

Supreme Court of Indiana.

April 20, 1983.

## ORDER APPROVING CONDITIONAL AGREEMENT AND IMPOSING SUSPENSION

GIVAN, Chief Justice.

The Disciplinary Commission of this Court and the Respondent herein, Richard A. Wetherill, have tendered to this Court a "Statement of Circumstances and Conditional Agreement for Discipline", which agreement more fully appears in words and figures as follows, to wit:

(H.I.)

And this Court, being duly advised, now finds that the Respondent permitted his attorneys fee to be paid to a public official under the belief of his client that such payment was to influence a favorable determination and that by such conduct the Respondent implied that he was able to influence a public official on irrelevant grounds and engaged in conduct involving dishonesty in violation of Disciplinary Rules 9–101(C) and 1–102(A)(4) of the *Code of Professional Responsibility for Attorneys at Law.*

This Court further finds that the Respondent has tendered to the Court the affidavit required by the provisions of Admission and Discipline Rule 23, Section 17(a). Accordingly, we now find that the agreed discipline, suspension from the practice of law for ninety (90) days without automatic reinstatement, should be imposed.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by this Court that the Conditional Agreement for Discipline tendered in this cause is now accepted and approved. In accordance with such agreement the Respondent, Richard A. Wetherill, by reason of the misconduct found under this cause, is hereby suspended from the practice of law for ninety (90) days, beginning May 5, 1983.

IT IS FURTHER ORDERED that the Respondent must petition for reinstatement pursuant to Section 18, Admission and Discipline Rule 23.

The Clerk of this Court is directed to forward copies of this Order to the parties in this proceeding and to give appropriate notice of this decision pursuant to Admission and Discipline Rule 23, Section 3(d).

Costs of this proceeding are assessed against the Respondent.

DeBRULER and HUNTER, JJ., concur.

PIVARNIK and PRENTICE, JJ., dissent and would disapprove the tendered agreement.